IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LAWRENCE TREVINO,<br>*Plaintiff* | §<br>§<br>§ | |
| | § | **SA-24-CV-918-XR** |
| -vs- | §<br>§ | |
| LOANCARE, LLC,<br>*Defendant* | §<br>§<br>§ | |

### ORDER

On August 5, 2024, Plaintiff filed a Petition and Application for a Temporary Restraining Order in state court on an ex parte basis. ECF No. 1–4 at 1–8. Plaintiff alleged that Defendant LoanCare, LLC, representing the mortgagee Lakeview Loan Servicing, LLC, had failed to produce the Original Mortgage Promissory Note to his home and according was wrongfully seeking to foreclose on the property in violation of some unspecified provision of the Texas Business and Commerce Code. He asserted that its action constituted violations of the Texas Finance Code §§ 392.301(8)[1], 392.303[2] and 392.304.[3] He also alleged that such action constitutes a violation of some unspecified provision of the Texas Debt Collection Act. The Texas State Court granted the ex parte TRO. *Id.* at 9–10. Subsequently, the Defendant removed this case and filed its motion to dismiss. ECF Nos. 1, 6.

---

[1] "[T]hreatening to take an action prohibited by law." TEX. FIN. CODE § 392.301(a)(8).

[2] "In debt collection, a debt collector may not use unfair or unconscionable means that employ the [certain] practices…." TEX. FIN. CODE § 392.303(a).

[3] "Except as otherwise provided by this section, in debt collection or obtaining information concerning a consumer, a debt collector may not use a fraudulent, deceptive, or misleading representation that employs [certain] practices…." TEX. FIN. CODE § 392.304(a).

1

In its motion to dismiss, Defendant asserts that Plaintiff has failed to state a claim upon which relief can be granted because the Plaintiff's claims all rely upon a now discredited "show me the note" theory that has soundly been rejected by courts for well over a decade. See *Est. of Falk v. Wells Fargo Bank, N.A.*, 541 F. App'x 481, 483 (5th Cir. 2013) ("Texas courts have routinely concluded that a party does not have to be a holder of the mortgage note prior to conducting a non-judicial foreclosure."). Indeed, Plaintiff's counsel has failed to respond in any fashion to the motion to dismiss. The Court agrees. The state court petition and application for TRO wholly lacks merit and Defendant's motion to dismiss is **GRANTED WITH PREJUDICE** because it will be futile for Plaintiff to attempt to amend.

Based on the foregoing, Defendant's motion to dismiss (ECF No. 6) is **GRANTED WITH PREJUDICE**. A final judgment pursuant to Rule 58 will follow.

**IT IS FINALLY ORDERED** that the Clerk of the Court shall **CLOSE THIS CASE**.

**IT IS SO ORDERED**.

**SIGNED** this 28th day of October, 2024.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE